**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BRENDAN J. BERGER, | : | CASE NO. _____ |
| 27 Creekwood Square | : | |
| Cincinnati, OH 45246 | : | Judge: _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | **COMPLAINT** |
| EXAMINERS, | : | |
| 3750 Market Street | : | |
| Philadelphia, PA 19104 | : | |
| | : | |
| Defendant. | : | |

Plaintiff Brendan J. Berger ("Mr. Berger"), by and through his undersigned counsel, commences this complaint against the National Board of Medical Examiners ("NBME" or "Defendant"), for violating the federal and state non-discrimination statutes, namely the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973 and the Ohio Civil Rights Act (R.C. 4112.01 *et seq*.) respectively, which require equal access and appropriate accommodations.

## <u>INTRODUCTION</u>

1.     This action challenges the discriminatory denial of appropriate testing accommodations as requested by plaintiff, Mr. Berger, on the United States Medical Licensing Examination Step 2 Clinical Knowledge (USMLE Step 2 CK or Step 2 CK) which is administered by Defendant. The discrimination challenged herein has deprived plaintiff, Mr. Berger, a person with disabilities, from taking the USMLE Step 2 CK on a level playing field with his non-disabled peers. These civil rights violations are ongoing and include discrimination and failure to provide appropriate accommodations in violation of the Americans with Disabilities Act, 42 U.S.C.

§12101, et. seq. as amended ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. 794 (Section 504) and the Ohio Civil Rights Commission Act, Ohio Rev. Code Ann §4112 et. seq. (OCRCA) Immediate and permanent injunctive relief is necessary to ensure that Plaintiff is no longer excluded from, deterred from or otherwise discriminated against in taking the USMLE Step 2 CK.

2.      Defendant NBME has failed to provide Plaintiff appropriate testing accommodations on the Step 2 CK, which includes extended time (100% or double), distraction reduced test setting, additional break time and testing over two days. Plaintiff furnished Defendant with extensive documentation on several occasions of his disabilities and entitlement to accommodations. Plaintiff brings this action to enforce his statutory rights to appropriate accommodations and equal educational opportunities under the ADA, Section 504 and OCRCA.

3.      Defendant administers the USMLE Step 2 CK, which is a standardized examination and requirement for medical licensure. Most allopathic medical schools for graduation and residency eligibility in the United States require USMLE Step 2 CK. Defendant has the legal, educational and professional responsibility to offer appropriate testing accommodations to individuals with disabilities on the USMLE Step 2 CK. Such accommodations, which are neither expensive nor difficult to provide, allow individuals with learning disabilities and other cognitive impairments, like Plaintiff, to demonstrate their aptitude and skill level.

## JURISDICTION AND VENUE

4.      This action arises under the laws of the United States, specifically the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 *et. seq.* and Section 504, 29 U.S.C. §794. Therefore, this Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. §§1331 and 1343. This Court further has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5.      This Court has jurisdiction to issue a Declaratory Judgment pursuant to 28 U.S.C. §2201(a) and further relief pursuant to 28 U.S.C. §2202.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the Defendant is doing business in this judicial district by virtue of administering the USMLE Step 2 CK in this district and has sufficient contacts for personal jurisdiction. Alternatively and cumulatively, venue is proper in this Court pursuant to 28 U.S.C. §1391 in that acts of discrimination have taken place in this District and Mr. Berger resides in this District.

**PARTIES**

7.      Mr. Berger is in his final year of medical school at the American University of the Caribbean School of Medicine (AUC). He is a resident of Cincinnati, Ohio. He intends to take the Step 2 CK in the Spring/Summer of 2019. Mr. Berger is a person with disabilities under the ADA, Section 504 and OCRCA. Defendant has previously and continues to deny Mr. Berger's requests for appropriate accommodations on the USMLE Step 2 CK exam.

8.      The NBME is a District of Columbia not-for-profit organization headquartered in Philadelphia, Pennsylvania.  NBME administers the USMLE, a three step examination, the successful completion of which is required for medical licensure in the United States. Defendant is a private entity that offers examinations related to applications and credentialing to postsecondary education, professional and trade purposes and as such is subject to the non–discrimination and appropriate accommodation requirements of the ADA. The NBME administers the USMLE throughout the country, including in Ohio and, specifically, the Southern District of Ohio.

9.      NBME engages in business in Ohio and this judicial district and this action arises from those business activities.

## FACTUAL ALLEGATIONS

10.     Mr. Berger is a student in his final year of medical school. In order for Mr. Berger to obtain his medical licensure and graduate from medical school, he is required to pass the separate steps of the USMLE, commonly referred to as USMLE Step 1, USMLE Step 2-Clinical Knowledge, USMLE Step 2-Clinical Skills and USMLE Step 3. Mr. Berger is preparing to take the USMLE Step 2 CK, which he intends to take in Ohio.

11.     Mr. Berger is impaired by a Specific Learning Disorder with impairments in reading and written expression and Attention Deficit Hyperactivity Disorder (ADHD). These conditions substantially limit the major life activities of thinking, learning, reading, writing, concentrating, spelling and test taking, which are activities necessary to take the USMLE under standard conditions. The Defendant has, contrary to the ADA, Section 504 and OCRCA refused and continues to refuse to provide appropriate accommodations for Mr. Berger's disabilities by refusing to provide him with additional time (100% double extended time), a distraction reduced testing environment, testing over two day and extra breaks to take the USMLE Step 2 CK.

12.     If Mr. Berger does not receive appropriate accommodations on the Step 2 CK, his exam results will not reflect his aptitude and achievement level as required by law.  Moreover, he may fail the examination due to the inability to appropriately complete the exam if given insufficient time to access and answer each question.

13.     Mr. Berger's situation is further exacerbated by the fact that AUC requires a student to pass the Step 2 CK as a condition of earning a Medical Doctor (MD) degree.

### Mr. Berger's History of Disability and Accommodations

14.     Throughout Mr. Berger's entire education, he has been impaired by a specific learning disability and has a record of receiving accommodations in school and on standardized examinations.

4

15.     At the start of Mr. Berger's education, learning problems with early literacy, receptive-expressive language, and attention were evident. At the age of six (1992) he was evaluated and a reading (dyslexia) disorder and writing disorder were reported.

16.     During Mr. Berger's second grade school year, attention processing limitations compounded his learning problems and he was diagnosed with ADHD in 1994.

17.     School based intervention for reading and writing were implemented at school in first grade coupled with additional remedial reading intervention at home. However, despite this intervention, Mr. Berger's learning delays persisted.

18.     Mr. Berger was home schooled from second through fifth grade in order to provide intensive individualized instruction to address Mr. Berger's learning style.

19.     In fifth grade, Mr. Berger returned to school, where he attended St. Gabriel Consolidated School. Mr. Berger continued to experience difficulties with oral reading, reading comprehension and writing. His teachers recognized his disability and in order to accommodate his learning impairments he was afforded extra time to complete tests and in-class assignments, he took tests in a quiet environment and was afforded the opportunity to orally explain written test question responses. He further utilized audio books to augment his reading literacy. Mr. Berger received the foregoing accommodations at St. Gabriel Consolidated School from fifth through eighth grades.

20.     Mr. Berger attended high school at Archbishop Moeller. He continued to experience difficulties with reading and writing and utilized audio books to augment his reading during ninth and tenth grade.

21.     During his 11th grade year, Mr. Berger experienced difficulties in school particularly completing timed tests. He was referred to an educational specialist for a

psychoeducational evaluation. The evaluation conducted in January/February 2003 reported, among other things, that Mr. Berger had processing speed deficits affecting timed tests.

22.     Based on Mr. Berger's 2003 evaluation report, Archbishop Moeller developed an Assistance Program that provided accommodations, which included extended time on assessments to be administered in a separate area, permission to purchase texts, utilization of audio tapes of novels, and direct instruct to develop independent reading and writing strategies.

23.     Mr. Berger applied to the College Board for accommodations on the SAT exam. In November 2003, College Board approved and implemented accommodations including 50% extended time on the SAT exam.

24.     In the Fall 2004, Mr. Berger commenced his undergraduate education at the University of Cincinnati (UC). Upon entering UC, Mr. Berger applied for and UC approved a 504 Plan that provided several accommodations including 100% extended time on testing, use of a proofreader and use of books in digital/audio format. These accommodations were approved and implemented throughout the course of Mr. Berger's matriculation at UC.

25.     In June/July 2008, Mr. Berger underwent a psychoeducational re-evaluation. The evaluation report dated October 2, 2008, concluded that Mr. Berger has disabilities under the ADA and recommended accommodations, which included 50% extended time on exams.

26.     Mr. Berger received a Bachelor of Arts and Bachelor of Science from UC in June 2009.

27.     During the 2009-2010 Spring quarter, Mr. Berger completed post-baccalaureate science courses at UC, where he received accommodations including 100% extended time on exams.

28.     In January and March 2010, Mr. Berger underwent addition psychoeducational assessments, which are discussed and analyzed in a report dated March 22, 2010. The March 22,

2010 evaluation report provided further documentation evidencing Mr. Berger's disability in reading and associated impairments.

29.    On June 3, 2010, Mr. Berger was administered a psychoeducational evaluation. The report describes Mr. Berger's reading and learning impairments and stated diagnoses, which included Reading Disorder, Severe and Disorder of Written Expression, Severe. The evaluation recommends accommodation including, double (100%) extended time, stop-the-clock rest breaks, testing over multiple days and testing in a distraction limited environment.

### Mr. Berger's Documentation of Impairment During Medical School

30.    In May 2011, Mr. Berger commenced attending AUC. AUC approved and Mr. Berger utilized accommodations on all examinations and quizzes, which included 50% extended time and a distraction reduced testing environment.

31.    On July 5-6, 2013, during Mr. Berger's second year of medical school he underwent a psychoeducational re-evaluation to provide an updated assessment of his cognitive abilities and achievement for requesting accommodations on the USMLE Step 1 exam. The evaluation reconfirmed Mr. Berger's diagnoses of a Reading Disorder, Disorder of Written Expression and ADHD, which impair the major life activities of reading, writing, thinking, learning, and test taking.

32.    The July 2013 evaluation report indicated that Mr. Berger is a person with disabilities and recommended several accommodations for the USMLE exam including 50% extended time, provisions for a reader or recorded version of exams, extra rest breaks, test administration over two days and testing in a distraction reduced environment.

33.    Mr. Berger underwent a psycho educational re-evaluation on July 20-24, 2017 in order to provide an updated assessment of his functioning relative to completing reading intensive exams such as the USMLE Step 2 CK.

34. The July 2017 evaluation and assessments continue to support the diagnoses of Specific Learning Disorder with impairment in reading, Specific Learning Disorder with impairment in written expression and ADHD.

35. The July 2017 report reflects that Mr. Berger is a person with disabilities and qualifies for accommodations for the USMLE Step 2 CK including, extended time (100% recommended), provided both written and recorded version of the exam, additional rest breaks, two day test administration, and distraction reduced testing environment.

### The USMLE Step 2 CK

36. According to the NBME, the USMLE Step 2 CK examination is intended to assess whether a medical student can apply medical knowledge, skills and understanding of clinical science for the provision of patient care.

37. The Step 2 CK examination consists of questions presented in standard multiple choice formats. Step 2 CK has approximately 318 multiple choice test items, divided into eight 60-minute blocks with no more than 40 questions in each block, administered in one nine hour testing session.

38. The NBME develops and administers the USMLE Step 2 CK at various test sites and on various dates throughout the United States. The results of each student's scores are reported to that student's medical school.

39. Mr. Berger must pass the USMLE Step 2 CK in order to maintain his eligibility to remain in medical school. Furthermore, passing the USMLE Step 2 CK is required to graduate from AUC, to enter into a residency program and to ultimately obtain medical licensure. Furthermore, a failed attempt or poor performance on the Step 2 CK can adversely impact Mr. Berger's competitiveness and acceptance into a residency training program and may further limit the range of medical field careers that Mr. Berger may enter.

**NBME's Denials of Mr. Berger's Requests For Accommodations**

40.     On or about October 3, 2013, Mr. Berger submitted his request for accommodations on the USMLE Step 1. Mr. Berger requested the accommodations of 50% extended time over two days of testing and additional break time. Mr. Berger's request for accommodations included extensive documentation of his disability and history of receiving accommodations. The documentation furnished to NBME included the following documents supporting the request for accommodations:

a.     Brendan Berger – cover letter – October 3, 2013

b.     USMLE Request for Accommodations completed and signed by Mr. Berger on October 2, 2013.

c.     USMLE Certificate of Prior Test Accommodations signed on October 15, 2013 by Jeff Jarosinski, Ph.D., Assistant Dean of Student Affairs, The American University of the Caribbean, certifying that Mr. Berger receives 50% extended time and a distraction limited testing environment on examinations.

d.     Cheryl M. Beach, Ph.D. – Psychological and Educational Re-Evaluation Report – July 5 – 6, 2013.

e.     Sharon K. Collins, M.S., C.C.C., S/LP – Speech and Language Evaluation Report – February 12, 1992 (kindergarten).

f.     Jeane Artner, licensed psychologist – Psychological Test Report – March 7-11, 1994 (second grade).

g.     Stanford Achievement Test Series – 1994 (Grade 2).

h.     Stanford Achievement Test Series – 1995 (Grade 3).

i.     Stanford Achievement Test Series – 1996 (Grade 4).

j.     Iowa Test of Basic Skills – 1997 – (Grade 6)

k.     St. Gabriel Consolidated School – May 28, 2010 letter regarding accommodations.

l.     Alexander Smith, Ed.D., ABPP – Psychoeducational Evaluation – January/February 2003.

m.    The College Board – April 10, 2009 letter approving documenting approval of 50% extended time.

n.    SAT Student Score Report – January 2004.

o.    Archbishop Moeller High School – May 28, 2007 letter regarding approved accommodation plan.

p.    University of Cincinnati – April 30, 2009 letter regarding approved accommodation plan

q.    University of Cincinnati – Transcript – 2004 - 2009.

r.    Alexander Smith, Ed.D., ABPP – Psychoeducational Re-Evaluation – June/July 2008.

s.    MCAT Score Report – September 10, 2009.

t.    AAMC/MCAT – October 28, 2009 letter regarding incomplete accommodation documentation.

u.    Alexander Smith, Ed.D., ABPP – Addendum for Psychoeducational Re-Evaluation – March 22, 2010.

v.    Maureen Mahany Berger – June 5, 2010 letter regarding home school program.

w.    Cheryl M. Beach, Ph.D. - Psychological and Educational Re-Evaluation Report – June 3, 2010.

x.    American University of the Caribbean School of Medicine – May 21, 2013 letter regarding accommodation including 50% extended time on exams.

y.    American University of the Caribbean School of Medicine - Transcript.

41.    The foregoing documentation provided to the NBME substantially complied with the documentation required by the NBME for requesting accommodations on the USMLE.

42.    The NBME received the foregoing documentation in support of Mr. Berger's request for accommodations.

43.    The foregoing documentation demonstrated that several qualified professionals who evaluated Mr. Berger at different times, recommended accommodations, including extended time on tests and standardized examinations and that he previously received extended time on

exams in grade school, middle school, high school, college and medical school and on standardized examinations.

44.     By letter dated December 23, 2013, (80 days after application) Defendant NBME informed Mr. Berger that his request for accommodations for the USMLE Step 1 was denied and that no accommodations were approved.

45.     Mr. Berger made an extraordinary effort over a five month period studying for the USMLE Step 1. He sat for the USMLE Step 1 on March 28, 2014. Due to Mr. Berger's disabilities, he was unable to complete more than thirty percent of the exam causing him to guess answers or rush through many of the exams reading vignettes or questions.

46.     Despite the difficulty Mr. Berger encountered completing the Step 1 exam, he narrowly passed the exam with a score of 198 (192 was set as the passing score).

47.     On or about March 18, 2015, Mr. Berger submitted his request for accommodations on the USMLE Step 2 CK.[1] Mr. Berger requested the accommodations of 50% extended time over two days of testing and additional break time. Mr. Berger's request for accommodations included extensive documentation of his disability and history of receiving accommodations. The documentation furnished to NBME included the previously furnished documentation listed in foregoing paragraphs and following documents:

      a.      Brendan Berger – cover letter – March 18, 2015.

      b.      USMLE Request for Accommodations completed and signed by Mr. Berger on March 17, 2015.

      c.      Cheryl M. Beach, Ph.D. – January 29, 2015 – Letter regarding disability determination.

      d.      American University of the Caribbean School of Medicine – January 7, 2015 letter regarding accommodations on the Core Shelf examinations.

---

[1] Mr. Berger also requested certain accommodations for the USMLE Step 2 Clinical Skills (CS) exam. The USMLE Step 2 CS is a patient focused clinical examination, rather than a multiple-choice examination. Mr. Berger request for accommodations and NBME's response is not at issue in this litigation.

      e.    American University of the Caribbean School of Medicine – unofficial transcript.

48.    The NBME received the foregoing additional documentation in support of Mr. Berger's request for accommodations.

49.    By letter dated July 24, 2015, (128 days after application) Defendant NBME informed Mr. Berger that his request for accommodations for the USMLE Step 2 CK was denied and that no accommodations were approved.

50.    Mr. Berger made an extraordinary effort studying for nearly a year for the USMLE Step 2 CK. He sat for the USMLE Step 2 CK on April 25, 2017. Due to Mr. Berger's disabilities, he was unable to complete more than 40% percent of the exam causing him to guess answers or rush through many of the exams reading vignettes or questions.

51.    Consequently, Mr. Berger did not pass the April 25, 2017 administration of Step 2 CK, receiving a score of 151 with a passing score set at 209.

52.    On or about February 24, 2018, Mr. Berger submitted another request for accommodations on the USMLE Step 2 CK. Mr. Berger requested the accommodations of 100% extended time over two days of testing, a test reader or recording, extra break time and distraction limited testing environment. Mr. Berger's request for accommodations included extensive documentation of his disability and history of receiving accommodations. The documentation furnished to NBME included the previously furnished documentation listed in foregoing paragraphs and following documents:

      a.    USMLE Request for Accommodations completed and signed by Mr. Berger on February 24, 2018.

      b.    USMLE Certificate of Prior Test Accommodations signed on August 23, 2017 by Kimberly A. Kirkland, Assistant Dean of Student Affairs, The American University of the Caribbean, certifying that Mr. Berger receives 50% extended time and a distraction limited testing environment on written examinations and clinical skills examinations.

      c.     Brendan Berger – February 14, 2018 letter regarding disability impact.

      d.     Phyllis E. Brown, Esquire – February 14, 2018 letter summarized Mr. Berger's history of prior evaluations and use of accommodations; summarized the legal standards under the ADA.

      e.     PSAT Answer sheet – 2002

      f.     Cheryl M. Beach, Ph.D. - Psychological and Educational Re-Evaluation Report – July 20-24, 2017.

      g.     Cheryl M. Beach, Ph.D. – December 9, 2017 letter to Catherine Farmer, Psy.D., Director Disability Services, NBME.

53.    The NBME received the foregoing additional documentation in support of Mr. Berger's request for accommodations.

54.    By letter dated May 27, 2018 (92 days after application) Defendant NBME, for the third time, denied Mr. Berger's request for accommodations.

55.    NBME's denial letter asserts that the documentation did not demonstrate a substantial limitation in a major life activity as compared to most people or that the requested accommodations are not an appropriate modification of Mr. Berger's USMLE Step 2 CK administration.

56.    Mr. Berger made an extraordinary effort studying for the USMLE Step 2 CK for many months. He sat for the USMLE Step 2 CK for the second time on August 31, 2018. Due to Mr. Berger's disabilities, he was unable to complete more than forty percent of the exam causing him to guess answers or rush through many of the exams reading vignettes or questions. In fact Mr. Berger guessed the same answer letter ("C") more than forty percent of the time on the exam.

57.    For the second time, Mr. Berger did not pass the August 31, 2018 administration of Step 2 CK, receiving a score of 166 with a passing score set at 209

58.    The documentation furnished to the NBME provided current and historical evaluations, which established that Mr. Berger has a long and well documented history of learning

disabilities that impact his reading, learning, reading fluency, and thinking at the same rate, condition and manner as most people. Moreover, the foregoing documentation provided proof that Mr. Berger previously received and currently receives accommodations including extended time in school and on several standardized examinations.

59.    In spite of never having met Mr. Berger, never having tested him or never having evaluated him, NBME ignored highly qualified professionals who observed and evaluated Mr. Berger on several occasions over several years and his history of receiving extended time in school and on other standardized examinations, in clear violation of 28 C.F.R. §36.

60.    The requested accommodations are necessary to appropriately accommodate the condition and manner of Mr. Berger's limitations. Without these accommodations Mr. Berger will be unable to demonstrate his actual knowledge, skills and abilities on the USMLE Step 2 CK.

61.    Mr. Berger has an indisputable disability that substantially limits his major life activities of thinking, learning, reading, concentrating, studying, writing, processing information and taking standardized examinations in the same condition and manner as most people. Under the ADA, Mr. Berger is entitled to the accommodations. The NBME's refusal to provide the requested appropriate accommodations is a violation of Mr. Berger's rights under the ADA, Section 504 and the OCRCA.

62.    As a direct and proximate result of NBME's violation of the ADA, Section 504 and OCRCA, Mr. Berger will be unable to complete his medical school education in the same manner as his classmates if he does not successfully complete the USMLE Step 2 CK. Moreover, he will and has been placed at a distinct disadvantage of competing for quality residency positions if he must take the examination without appropriate accommodations for his disability. He will be and has been irreparably harmed because he has a clear risk of failing the Step 2 CK a third time, which

will result in his termination from medical school without earning his degree. Moreover, he will be prevented from competing on a level playing field with other students in medical school.

63. Because Mr. Berger twice failed the USMLE Step 2 CK due to being denied appropriate accommodations, Mr. Berger was unable to obtain a residency placement and obtain his medical degree.

64. Mr. Berger has accrued significant loan debt to fund his medical school education. He anticipated being able to pay back those loans with the earnings from his residency and eventual medical practice. As a proximate result of NBME's discriminatory conduct, Mr. Berger's loan obligations have caused further financial loss.

65. Mr. Berger requires the requested accommodations on the USMLE Step 2 CK examination not to gain an advantage, but to attempt to level the playing field because his functional limitations impact his ability to take this examination in a way that non-disabled test takers do not experience.

66. Mr. Berger through prior counsel has notified NBME of its violation of the ADA and requested that it remedy this matter by providing the requested accommodations.

**COUNT I – VIOLATION OF THE ADA**

67. Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein.

68. Plaintiff is an individual with a disability within the meaning of the ADA, 42 U.S.C. §12101 et. seq. Accordingly, Plaintiff is a qualified individual within the meaning of the ADA in that he meets all the eligibility criteria for taking the USMLE Step 2 CK.

69. Plaintiff requires appropriate accommodations to participate in a fair, full, and equal basis on the USMLE Step 2 CK. The modifications that Plaintiff needs, namely extended time, testing over two days, breaks, a distraction reduced testing area and a reader or recorded exam

would not impose a fundamental alteration, but would attempt to level the field and allow his aptitude and abilities to be fairly and accurately measured.

70. Defendant administers the USMLE examinations, which are examinations related to applications and credentialing for postsecondary education, professional, and trade purposes, within the meaning of the ADA, 42 U.S.C. § 12189.

71. The ADA, 42 U.S.C. § 12189, requires Defendant to offer these examinations in a manner accessible to persons with disabilities.

72. Title III of the ADA, which is enforced by the U.S. Department of Justice, states in pertinent part, "It is discriminatory to fail to make reasonable modifications to policies, practices, and procedures when necessary to provide goods and services to a person with a disability." 42 U.S.C. §12182(b)(2)(A)(ii).

73. The Department of Justice regulations mandate that a private entity offering examinations modify its examinations as necessary to ensure full and equal access to persons with disabilities, including through the provision of extra time to permit completion. 28 C.F.R. §§ 36.309(b) & (c).

74. The Department of Justice Regulations prohibit Defendant from administering the USMLE examinations without ensuring that the scores reported "accurately reflect the applicant's aptitude or achievement level or whatever other factor the test purports to measure, rather than reflecting the applicant's [disability]." 28 C.F.R. § 36.309(b)(1)(i).

75. The Department of Justice (DOJ) Regulations require that when considering requests for modifications, accommodations, or auxiliary aids or services, the entity gives considerable weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations, as well as such modifications, accommodations, or

related aids and services provided in response to a plan describing services. 28 C.F.R. §36.309(b)(1)(v).

76.     The DOJ's ADA Guidance further provides, "[r]eports from experts who have personal familiarity with the candidates should take precedence over those from, for example, reviewers for testing agencies, who have never personally met the candidate or conducted the requisite assessments for diagnosis and treatment." 28 C.F.R. pt. 36, app. A, at 796.

77.     The DOJ's regulations require: "any request for documentation …is reasonable and limited to the need for the modification, accommodations, or auxiliary aid or service requested."

78.     Defendant has discriminated, and continues to discriminate against Plaintiff on the basis of his disability by denying him an equal opportunity to demonstrate his aptitude and achievement level on the USMLE examinations in violation of the ADA, specifically 42 U.S.C. §12182, §12189 and 28 C.F.R. §36.309.

79.     Defendant's discriminatory policies and practices violate Plaintiff 's rights under the ADA and the regulations promulgated thereunder. Defendant's discriminatory policies and practices include but are not limited to:

      a.     Failure to grant accommodations when Plaintiff submitted the requisite documentation and provided documentation of a history of comparable accommodations on standardized examinations and other academic examinations.

      b.     Failure to give considerable weight to Plaintiff's evaluators.

      c.     Failure to provide a clear explanation for denial.

      d.     Failure to offer examination in a place and manner that is accessible to individuals with disabilities and best ensures that the examination accurately reflects Plaintiff's aptitude, achievement level, or whatever other factor the examination purports to measure.

      e.     Failure to engage in good faith in the interactive process to consider and implement effective accommodations to Plaintiff's disability.

      f.      Failure to give considerable weight to Plaintiff's prior approval and use of accommodations in school and on standardized examinations.

      g.      Failure to consider Plaintiff's request for accommodations without regard to the ameliorative effects of mitigating measures.

      h.      Failure to conduct a proper review and apply appropriate legal standards to Plaintiff's request for appropriate accommodations.

      i.      Placing an extreme burden of proof, beyond what is required by the ADA, to establish Plaintiff's disability or need for accommodations.

      j.      Failing to respond in a timely manner to Plaintiff's requests for testing accommodations.

80.     Plaintiff will be irreparably harmed if the NBME continues its unlawful refusal to provide him the appropriate test accommodations as requested and unless this Court grants injunctive relief prohibiting the continued violation of Plaintiff's ADA rights and compelling the NBME to provide the requested accommodation, in that:

      a.      Plaintiff's medical school career may end because a passing score on the USMLE Step 2 CK is required for continuing his medical school education.

      b.      Given his history with prior examinations, Plaintiff is justifiably concerned that he may not pass the USMLE without the additional extra time accommodation to which he is entitled under the ADA.

      c.      Plaintiff's opportunity to engage in his career of choice is effectively ended unless the NBME is compelled to comply with the ADA.

      d.      Requiring Plaintiff to take the USMLE Step 2 CK without the extended time accommodation puts him at a distinct disadvantage given his disability;

      e.      Reduced performance on the USMLE Step 2 CK as a result of not receiving his requested accommodation significantly reduces Plaintiff's future residency and professional career options.

81.     NBME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

82.     The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and

provided with opportunities equal to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Plaintiff with the ADA accommodations to which he is justly entitled.

83. As a result of the NBME's violation of the ADA, Plaintiff has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

84. Even in the event that NBME grants testing accommodations to Mr. Berger due to this law suit, absent expungement of failed Step exams and/or official acknowledgement of discrimination, Mr. Berger must disclose and struggle to explain his past failures of the USMLE Step 2 CK during his application process for residency programs and future employment searches, despite such failures being the result of discriminatory testing conditions and policies.

85. NBME's conduct constitutes an ongoing and continuous violation of the ADA. Unless enjoined from doing so, Defendant will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law. Consequently, Plaintiff is entitled to injunctive relief under the ADA, 42 U.S.C. § 12188.

**COUNT II – VIOLATION OF SECTION 504**

86. Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein.

87. Section 504 of the Rehabilitation Act mandates that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

88. Section 504 defines "program or activity," in pertinent part, as "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government; or the entity of such State or local government that distributes such assistance and each

such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government . . . ." 29 U.S.C. § 794(b)(1).

89.     Such federally funded programs and activities must provide aids and services that "afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement, in the most integrated setting appropriate to the person's needs." 45 C.F.R. § 84.4(b)(2).

90.     NBME receives federal grants, contracts, and other financial assistance, thereby subjecting itself to the requirements of Section 504.

91.     Plaintiff is a qualified individual with a disability under Section 504.

92.     NBME has, solely by reason of Plaintiff's disability, excluded Plaintiff from participation in, denied him the benefits of, and otherwise discriminated against him in its service, programs or activities.

93.     NBME's actions set forth more fully above and incorporated herein, constitute intentional discrimination on the basis of disability in violation of Section 504.

94.     The actions by NBME were done intentionally or with deliberate indifference to the protected rights of Plaintiff.

95.     As a proximate cause of NBME's discrimination, Mr. Berger suffers and continues to suffer harm including but not limited to actual monetary loss, future monetary losses, and other injuries such as embarrassment, frustration, emotional distress, humiliation and denial of equal treatment and access.

**COUNT III – DECLARATORY RELIEF**

96.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein.

97.     A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties. Plaintiff contends that Defendant violated and continues to

violate his rights under the Americans with Disabilities Act as amended, 42 U.S.C. sections 12101, *et seq*. Based upon information and belief, Defendant denies these allegations, thus declaratory relief is therefore necessary and appropriate.

98. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties accordingly relief is therefore necessary and appropriate.

### COUNT IV – VIOLATION OF OHIO CIVIL RIGHTS COMMISSION ACT

99. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

100. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367, in that all claims are related and arise from a common nucleus of operative facts and Plaintiff expects to try all related claims in one judicial proceeding.

101. Plaintiff is an individual with disabilities within the meaning of Ohio Civil Rights Commission Act, Ohio Rev. Code Ann §4112 et. seq. (OCRCA), which prohibit unlawful discrimination against any person because such person is or has been disabled.

102. OCRCA prohibits a place of public accommodation refusing, withholding from, or denying a person its accommodations, advantages, facilities or privileges thereof because the person has a disability.

103. OCRCA further prohibits educational institutions from failing to provide accommodations such as extended time.

104. The acts and/or omissions of Defendant were intentional and/or done with deliberate indifference to the protected rights of Plaintiff.

105. As a result of the Defendant's violation of the ADA, Section 504 and OCRCA, Plaintiff has suffered or will suffer great injury, as set forth in the preceding paragraphs of this Complaint, which are incorporated by reference, and in addition thereto has and will suffer out-of-pocket pecuniary losses, and emotional distress and anguish.

## RELIEF REQUESTED

1.      An order compelling the Defendant, or those acting as agents for or in concert with it, to immediately cease and desist from its refusal to accommodate Plaintiff's request for appropriate accommodations on the USMLE examinations and ordering that the Defendant immediately comply with the ADA, Section 504 and OCRCA by allowing Plaintiff the requested appropriate accommodation on the USMLE Step 2 CK, which shall include accommodations of 100% extended time over two days of testing, a test reader or recording, extra break time and distraction limited testing environment. Said accommodations shall also be made applicable to the USMLE Step 3 examination.

2.      Make the above order permanent and that such order be made applicable to all future examinations administered by Defendant and taken by Plaintiff.

3.      An order compelling the Defendant to redact from Plaintiff's transcript and reporting any failed attempt of the USMLE Step 2 CK administered without accommodations.

4.      An order granting such other injunctive relief as may be appropriate.

5.      An order granting declaratory relief.

6.      An order awarding compensatory damages in an amount not less than $75,000.00;

7.      An award for attorney fees, costs, and expenses of suit incurred herein.

8.      Award for such other and further relief as the Court may deem just and proper.

Respectfully submitted

/s/ August T. Janszen
August T. Janszen (0062394)
The Janszen Law Firm
4750 Ashwood Drive, Suite 201
Cincinnati, OH 45241
Tel: (513) 326-9065
Fax: (513) 326-9066
atjanszen@janszenlaw.com
*Attorney for Plaintiff, Brendan Berger*

/s/ Charles Weiner

(*Pro Hac Vice* Admission pending) Charles Weiner, Esquire
LAW OFFICE OF CHARLES WEINER
Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020
Tel: (267) 685-6311
 Fax: (215) 604-1507
charles@charlesweinerlaw.com
*Trial Counsel for Plaintiff, Brendan Berger*