IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BRENDAN BERGER,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No. 1:19cv00099 ) ) |
| **NATIONAL BOARD OF MEDICAL EXAMINERS,** | ) Judge: Hon. Susan J. Dlott ) Magistrate Judge: Hon. Karen L. Litkovitz ) |
| **Defendant.** | ) ) ) |

## DEFENDANT NBME'S ANSWER

Defendant National Board of Medical Examiners ("NBME"), by and through its attorneys, hereby answers Plaintiff's Complaint. NBME denies that it violated any law with respect to Plaintiff's request for testing accommodations on the United States Medical Licensing Examination ("USMLE"), denies that it discriminated against Plaintiff, and responds to the specific allegations in the correspondingly numbered paragraphs of the Complaint as follows:

1. NBME admits that Plaintiff purports to bring an action against NBME for alleged disability discrimination based on NBME's denial of Plaintiff's request for testing accommodations on the USMLE Step 2 CK exam, but denies that Plaintiff is disabled within the meaning of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act ("Section 504"), or the Ohio Civil Rights Commission Act ("OCRCA"), denies that Plaintiff is entitled to testing accommodations on the USMLE, denies that Plaintiff is entitled to any relief, and denies the remaining allegations in paragraph 1.

143914182.1

2. NBME admits that Plaintiff purports to bring this action under the ADA, Section 504, and the OCRCA and admits that it denied Plaintiff's request for testing accommodations on the USMLE Step 2 CK exam. NBME denies the remaining allegations in paragraph 2.

3. In response to the first two sentences in paragraph 3, NBME admits that, together with the Federation of State Medical Boards, it sponsors the USMLE program, that it administers the USMLE through a third-party vendor, and that the USMLE is a series of standardized examinations that are relied upon by jurisdictions across the United States in making decisions regarding medical licensure. NBME admits that it is required to provide reasonable testing accommodations on the USMLE to individuals with documented disabilities within the meaning of the ADA, 42 U.S.C. § 12189. NBME denies the remaining allegations in the third sentence of paragraph 3 because the references to "educational" and "professional" responsibilities are vague. NBME denies the allegations in the fourth sentence of paragraph 3 with respect to Plaintiff specifically, and otherwise given the level of generality of the allegations.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that Plaintiff purports to assert claims under the ADA, Section 504, and the OCRCA, and admits that the Court has subject matter jurisdiction over the ADA and Section 504 claims and may exercise supplemental jurisdiction over the OCRCA claim.

5. The allegations in paragraph 5 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that the Court has jurisdiction to issue a declaratory judgment or injunctive relief but denies that such relief or any relief is appropriate in this case.

- 3 -

6. The allegations in paragraph 6 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that any acts of discrimination have occurred in this district or otherwise, and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's permanent residence is within this District. NBME further states that it is not challenging venue in this action.

**PARTIES**

7. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 7, and therefore denies them. NBME denies the allegations in the fourth sentence of paragraph 7. NBME admits that it has denied Plaintiff's requests for accommodations on the USMLE Step 2 CK exam and denies the remaining allegations in the fifth sentence of paragraph 7.

8. NBME admits the allegations in the first sentence of paragraph 8. In response to the allegations in the second sentence of paragraph 8, NBME admits that it provides for the administration of the USMLE, which is a series of standardized examinations that are relied upon by jurisdictions across the United States in making decisions regarding medical licensure. The allegations in the third sentence of paragraph 8 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that it is a private entity and that it offers the USMLE, which is a standardized examination related to licensing for professional purposes, and admits that it is subject to the provisions of 42 U.S.C. § 12189 with respect to the USMLE. The allegation that NBME is subject to "the non-discrimination and appropriate accommodation requirements of the ADA" is vague, and therefore is denied. NBME denies the remaining allegations in the third sentence of paragraph 8. NBME denies the allegations in the

143914182.1

fourth sentence of paragraph 8, and states that the USMLE is administered through a third-party vendor throughout the United States.

9. NBME denies the allegations in paragraph 9, which are vague.

## FACTUAL ALLEGATIONS

10. In response to the allegations in the second sentence of paragraph 10, NBME states that all three Steps of the USMLE must be passed before an individual with an M.D. degree is eligible to apply for an unrestricted license to practice medicine in the United States. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore denies them.

11. NBME admits that it denied Plaintiff's request for accommodations on the USMLE Step 2 CK exam. NBME denies the remaining allegations in paragraph 11.

12. NBME denies the allegations in paragraph 12.

13. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the degree requirements of the American University of the Caribbean School of Medicine ("AUC"), and therefore denies them. NBME denies the remaining allegations in paragraph 13.

14. NBME admits that Plaintiff has provided documentation to NBME reflecting the receipt of accommodations in some school settings and on the SAT. NBME denies the remaining allegations in paragraph 14.

15. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 15, and therefore denies them. NBME denies the allegations in the second sentence of paragraph 15.

16. NBME denies the allegation in paragraph 16 that Plaintiff was diagnosed with ADHD in 1994. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore denies them.

17. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them.

21. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 21, and therefore denies them. NBME denies that the allegations in the third sentence of paragraph 21 are a complete and accurate description of the referenced Psychoeducational Evaluation from January-February 2003, and therefore denies them.

22. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23. NBME admits that it received documentation from Plaintiff indicating that, in November 2003, the College Board approved him for accommodations including 50% extended time on the SAT I and SAT II tests. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23, and therefore denies them.

24. NBME admits that it received documentation from Plaintiff indicating that the University of Cincinnati ("UC") approved Plaintiff for accommodations, including double time for testing, a proofreader, and books in digital/audit format. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24, and therefore denies them.

25. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 25, and therefore denies them. NBME denies the remaining allegations in paragraph 25.

26. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

27. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.

28. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 28, and therefore denies them. NBME denies the allegations in the second sentence of paragraph 28.

29. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 29, and therefore denies them. NBME denies the remaining allegations in paragraph 29, based on the characterization and incomplete descriptions of the referenced June 2010 report.

30. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 31, and therefore denies them. NBME denies the remaining allegations in paragraph 31.

32. NBME denies the allegations in paragraph 32, based on the characterization and incomplete descriptions of the referenced July 2013 report.

33. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies them.

34. NBME denies the allegations in paragraph 34.

35. NBME denies the allegations in paragraph 35.

36. NBME denies that Plaintiff fully or accurately characterizes language regarding the USMLE Step 2 CK exam in paragraph 36, and therefore denies the allegations in paragraph 36.

37. NBME admits that the Step 2 CK exam consists of multiple-choice questions but denies the remaining allegations in the first sentence of paragraph 37 because the term "standard" is vague. NBME denies the characterization of the Step 2 CK exam as containing "approximately" 318 multiple choice questions, states that the Step 2 CK exam contains no more than 318 items, and admits the remaining allegations in the second sentence of paragraph 37.

38. NBME denies the allegations in the first sentence of paragraph 38, which, among other things, improperly conflate the development and administration of the Step 2 CK exam. NBME denies the allegations in the second sentence of paragraph 38 because they are not accurate.

143914182.1

- 8 -

39. In response to the allegations in the second sentence of paragraph 39, NBME states that all three Steps of the USMLE must be passed before an individual with an M.D. degree is eligible to apply for an unrestricted license to practice medicine in the United States. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39, and therefore denies them.

40. NBME admits that Plaintiff submitted a request for accommodations on the USMLE Step 1 exam dated October 2, 2013, which NBME acknowledged receipt of on October 14, 2013. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 40, and therefore denies them. In response to the allegations in the second sentence of paragraph 40, NBME admits that Plaintiff requested 50% additional test time over two days and additional break time on the Step 1 exam, but denies that these are the only accommodations he requested. NBME denies the allegations in the third sentence of paragraph 40. NBME admits as a general matter that Plaintiff submitted the type of documentation listed in paragraph 40. With respect to each document listed:

   a. NBME admits that it received a letter from Brendan Berger dated October 3, 2013.

   b. NBME admits that it received a USMLE Request for Test Accommodations Form dated October 2, 2013. NBME is without knowledge or information sufficient to form a belief as to who completed or signed this document, or when, and therefore denies those allegations.

   c. NBME admits that it received a USMLE Certification of Prior Test Accommodations over the name of Jeff Jarosinksi, PhD, Assistant Dean of Student Affairs for AUC. NBME denies that Plaintiff has included a complete or

accurate description of the content of this document in paragraph 40(a). NBME is without knowledge or information sufficient to form a belief as to who completed or signed this document, or when, and therefore denies those allegations.

d. NBME admits that it received this document.

e. NBME admits that it received this document.

f. NBME admits that it received this document.

g. NBME admits that it received this document.

h. NBME admits that it received this document.

i. NBME admits that it received this document.

j. NBME admits that it received this document.

k. NBME admits it received a letter over the name Mary Lou Herth dated May 28, 2010, who identified herself as Plaintiff's fifth grade teacher at St. Gabriel Consolidated. NBME denies that this was a letter from or on behalf of the school itself.

l. NBME admits that it received this document.

m. NBME admits that it received this document.

n. NBME admits that it received this document.

o. NBME admits that it received a May 28, 2007 letter over the name Jane E. Kagy, Case Manager for Students with Disabilities, Archbishop Moeller High School.

p. NBME admits that it received an April 30, 2009 letter over the name Michael S. Southern, Accommodation Coordinator, University of Cincinnati.

q. NBME admits that it received this document, but states that the transcript extends through 2010.

    r.    NBME admits that it received this document.

    s.    NBME admits that it received this document, and states that it also received an MCAT Score Report for a September 9, 2010 test.

    t.    NBME admits that it received a letter dated October 28, 2009, over the name John A. Hosterman, Ph.D., Director of Accommodations Review, MCAT. NBME denies Plaintiff's characterization of the content of this document.

    u.    NBME admits that it received an Addendum for Psycho-educational Evaluation for MCAT Accommodations dated March 22, 2010, on the letterhead of Alexander H. Smith, Jr., Ed.D., ABPP.

    v.    NBME admits that it received this document.

    w.    NBME admits that it received this document.

    x.    NBME admits that it received this document.

41.    NBME does not know what Plaintiff means when he says that his documentation "substantially complied" with NBME's accommodation request documentation requirements and therefore denies that statement. NBME admits, however, that the documentation provided by Plaintiff in support of his request for accommodations is the type of documentation called for by NBME's written accommodation policies, and denies that his supporting documentation demonstrated that Plaintiff is entitled to receive his requested testing accommodations.

42.    NBME admits the allegations in paragraph 42.

43.    NBME denies the allegations in paragraph 43 given, among other things, the generalized nature of the allegations in references to scores of pages of documents, and states that the documents referenced speak for themselves.

44. NBME admits that it informed Plaintiff that his request for accommodations on the USMLE Step 1 exam was denied by letter dated December 23, 2013. NBME denies that this letter was "80 days after application."

45. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 45, and therefore denies them. NBME admits the allegations in the second sentence of paragraph 45. NBME denies the allegations in the third sentence of paragraph 45.

46. NBME admits that Plaintiff passed the USMLE Step 1 exam with a score of 198, after testing with no accommodations. NBME denies the remaining allegations in paragraph 46.

47. In response to the allegations in the first sentence of paragraph 47, NBME admits that Plaintiff submitted a request for accommodations on the USMLE Step 2 CK and Step 2 CS exams dated March 17, 2015. NBME denies that this request was submitted "on or about March 18, 2015." In response to the allegations in the second sentence of paragraph 47, NBME admits that Plaintiff requested 50% additional test time over two days and additional break time, but denies that these are the only accommodations he requested. NBME denies the allegations in the third sentence of paragraph 47. NBME admits as a general matter that Plaintiff submitted the type of documentation listed in paragraph 47. With respect to each document listed:

    a. NBME admits that it received this document.

    b. NBME admits that it received a USMLE Request for Test Accommodations Form dated October 17, 2015. NBME is without knowledge or information sufficient to form a belief as to who completed or signed this document, or when, and therefore denies those allegations.

    c. NBME admits that it received this document.

        d.   NBME admits that it received this document.

        e.   NBME admits that it received this document.

NBME admits the allegations in footnote 1 to paragraph 47.

    48.     NBME admits the allegations in paragraph 48.

    49.     NBME admits that it informed Plaintiff that his request for accommodations on the USMLE Step 2 CK and Step 2 CS exams was denied by letter dated July 24, 2015. NBME denies that this letter was "128 days after application."

    50.     NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 50, and therefore denies them. NBME admits the allegations in the second sentence of paragraph 50. NBME denies the allegations in the third sentence of paragraph 50.

    51.     NBME admits that Plaintiff did not pass the April 25, 2017 administration of the USMLE Step 2 CK exam, that he received a score of 151, and that the minimum passing scores was 209. NBME denies the remaining allegations in paragraph 51.

    52.     In response to the allegations in the first sentence of paragraph 52, NBME admits that Plaintiff submitted another request for accommodations on the USMLE Step 2 CK exam dated February 24, 2018. NBME denies that the request was submitted "on or about February 24, 2018." NBME received the initial request on February 26, 2018, but asked Plaintiff to resubmit the request to clarify the accommodations he was seeking. The updated form was received on March 2, 2018. In response to the allegations in the second sentence of paragraph 52, NBME admits that Plaintiff requested 100% additional test time over two days and additional break time, but denies that these are the only accommodations he requested. NBME denies the allegations in the third sentence of paragraph 52. NBME admits as a general matter that Plaintiff

submitted the type of documentation listed in paragraph 52. With respect to each document listed:

    a. NBME admits that it received a USMLE Request for Test Accommodations Form dated February 24, 2018. NBME is without knowledge or information sufficient to form a belief as to who completed or signed this document, or when, and therefore denies those allegations.

    b. NBME admits that it received a USMLE Certification of Prior Test Accommodations over the name of Kimberly Kirkland, Associate Dean for AUC. NBME denies that Plaintiff has included a complete description of the content of this document in paragraph 52(b). NBME is without knowledge or information sufficient to form a belief as to who completed or signed this document, or when, and therefore denies those allegations.

    c. NBME admits that it received a letter from Plaintiff dated February 24, 2018.

    d. NBME admits that it received a letter dated February 14, 2018, over the name Phyllis Brown, but denies Plaintiff's characterization of this letter.

    e. NBME admits that it received a PSAT score report and answer sheet, but denies that this document bore any date.

    f. NBME admits that it received this document.

    g. NBME admits that it received this document.

53. NBME admits the allegations in paragraph 53.

54. NBME admits that it informed Plaintiff that his request for accommodations on the Step 2 CK exam was denied by letter dated May 27, 2018. NBME denies that this letter was sent "92 days after application."

- 14 -

55. NBME denies that allegations in paragraph 55 reflect a complete characterization of the referenced letter, which speaks for itself.

56. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 56, and therefore denies them. NBME admits the allegations in the second sentence of paragraph 56. NBME denies the allegations in the third sentence of paragraph 56. NBME admits that Plaintiff answered "C" for more than 40% of the questions on the exam referenced in paragraph 56. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of paragraph 56, and therefore denies them.

57. NBME admits that Plaintiff did not pass the August 31, 2018 administration of the USMLE Step 2 CK exam, that he received a score of 166, and that the minimum passing score was 209.

58. NBME denies the allegations in the first sentence of paragraph 58. NBME admits that the documentation submitted by Plaintiff to NBME reflected his receipt of accommodations, including extra time, in some school and standardized examination settings, and denies the remaining allegations in the second sentence of paragraph 58.

59. NBME denies the allegations in paragraph 59.

60. NBME denies the allegations in paragraph 60.

61. NBME denies the allegations in paragraph 61.

62. NBME denies the allegations in paragraph 62.

63. NBME denies the allegations in paragraph 63.

143914182.1

64. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 64, and therefore denies them. NBME denies the remaining allegations in paragraph 64.

65. NBME denies the allegations in paragraph 65.

66. NBME admits that it received a letter dated February 14, 2018, over the name of Phyllis Brown, who purported to represent Plaintiff. NBME denies the remaining allegations in paragraph 66.

## COUNT I

67. NBME restates and incorporates by reference paragraphs 1-66 above.

68. NBME denies the allegations in paragraph 68.

69. NBME denies the allegations in paragraph 69.

70. The allegations in paragraph 70 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that it is subject to 42 U.S.C. § 12189 with respect to the USMLE, admits that it administers the USMLE through a third-party vendor, and admits that the USMLE is an examination related to licensing for professional purposes. It denies the remaining allegations in paragraph 70.

71. The allegations in paragraph 71 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME states that the reference to "these examinations" is vague and therefore denied, but admits that it is subject to 42 U.S.C. § 12189 with respect to the USMLE.

72. NBME admits that title III of the ADA is enforced by the U.S. Department of Justice. NBME denies that Plaintiff accurately quotes from 42 U.S.C. § 12182(b)(2)(A)(ii) in paragraph 72 and denies that this provision is applicable to NBME.

73. The allegations in paragraph 73 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has accurately paraphrased the referenced regulation in paragraph 73.

74. The allegations in paragraph 74 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has accurately paraphrased the referenced regulation in paragraph 74.

75. NBME denies that Plaintiff has accurately paraphrased the referenced regulation in paragraph 75.

76. NBME denies that Plaintiff has accurately paraphrased the referenced Guidance in paragraph 76.

77. NBME admits that Plaintiff has accurately quoted part of the regulation found at 28 C.F.R. § 36.309(b)(1)(iv) in paragraph 77.

78. NBME denies the allegations in paragraph 78.

79. NBME denies the allegations in paragraph 79.

80. NBME denies the allegations in paragraph 80.

81. NBME denies the allegations in paragraph 81.

82. NBME denies the allegations in paragraph 82.

83. NBME denies the allegations in paragraph 83.

84. NBME denies the allegations in paragraph 84.

85. NBME denies the allegations in paragraph 85.

**COUNT II**

86. NBME restates and incorporates by reference paragraphs 1-85 above.

143914182.1

87. NBME admits that Plaintiff has accurately quoted part of the statutory provision found at 29 U.S.C. § 794(a) in paragraph 87.

88. The allegations in paragraph 88 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that Plaintiff has accurately quoted certain language found at 29 U.S.C. § 794(b)(1), and denies the remaining allegations in paragraph 88.

89. The allegations in paragraph 89 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has accurately paraphrased the regulation found at 45 C.F.R. § 84.4(b)(2) in paragraph 89.

90. NBME denies the allegations in paragraph 90.

91. NBME denies the allegations in paragraph 91.

92. NBME denies the allegations in paragraph 92.

93. NBME denies the allegations in paragraph 93.

94. NBME denies the allegations in paragraph 94.

95. NBME denies the allegations in paragraph 95.

## COUNT III

96. NBME restates and incorporates by reference paragraphs 1-95 above.

97. In response to the allegations in paragraph 97, NBME denies that it has violated the ADA with respect to Plaintiff's request for testing accommodations. NBME admits that a controversy exists between NBME and Plaintiff regarding his right to accommodations on the USMLE Step 2 CK examination, but denies that declaratory relief is necessary or appropriate.

98. NBME admits that Plaintiff is seeking declaratory relief, but denies that such relief is necessary or appropriate and denies the remaining allegations in paragraph 98.

## COUNT IV

99. NBME restates and incorporates by reference paragraphs 1-98 above.

100. The allegations in paragraph 100 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that the factors stated are relevant to a finding of supplemental jurisdiction under 28 U.S.C. § 1367.

101. NBME denies the allegations in paragraph 101.

102. NBME denies the allegations in paragraph 102.

103. NBME denies the allegations in paragraph 103.

104. NBME denies the allegations in paragraph 104.

105. NBME denies the allegations in paragraph 105.

The remaining allegations in Plaintiff's complaint constitute a prayer for relief as to which no response is required, but NBME denies that Plaintiff is entitled to the relief requested or to any relief.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the statute of limitations to the extent that they are based on any actions taken by NBME outside the limitations period.

NBME presently has insufficient knowledge or information on which to form a belief as to whether it may have any additional affirmative defenses available. NBME reserves the right to assert additional affirmative defenses in the event discovery, further analysis, or future events indicate that additional unknown or unstated defenses are applicable

WHEREFORE, NBME prays for judgment as follows:

1. That Plaintiff take nothing and be denied all relief requested in his Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice on the merits;

3. That NBME recover its fees and costs incurred herein; and

4. That NBME be awarded such other and further relief as the Court deems just and proper.

Dated:  April 8, 2019

Respectfully submitted,

/s/   Brandon M. White

Brandon M. White, Trial Attorney
(Ohio Bar No. 0075430)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
Phone:  202-654-6206
BMWhite@perkinscoie.com

Robert A. Burgoyne
(Pro hac vice application forthcoming)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, D.C.  20005-3960
Phone:  202-654-1744
RBurgoyne@perkinscoie.com

Counsel for Defendant NBME

143914182.1

Case: 1:19-cv-00099-KLL Doc #: 7 Filed: 04/08/19 Page: 20 of 20  PAGEID #: 60

- 20 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed on April 8, 2019, via the Court's CM/ECF System, which will send notification of such filing to counsel of record for Plaintiff.

s/   Brandon M. White
Brandon M. White

Counsel for Defendant NBME

143914182.1