**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **BRENDAN BERGER,** ) | |
| ) | |
| Plaintiff, ) | **Case No. 1:19cv00099** |
| ) | |
| v. ) | **Judge: Hon. Susan J. Dlott** |
| ) | **Magistrate Judge: Hon. Karen L. Litkovitz** |
| **NATIONAL BOARD OF MEDICAL EXAMINERS,** ) | |
| ) | **JOINT DISCOVERY PLAN** |
| Defendant. ) | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline. The parties conducted their discovery conference on April 24, 2019.

**1. MAGISTRATE CONSENT**

The Parties do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**2. RULE 26(A) DISCLOSURES**

There are no changes that need to be made in the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto or will be made by the time of the scheduled Preliminary Conference.

**3. DISCOVERY ISSUES AND DATES**

A. Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation; (ii) prepare for case dispositive motions; and (iii) prepare for trial.

144351272.1

- 2 -

**Plaintiff**: Plaintiff anticipates serving interrogatories, requests for admission, document requests and third-party subpoenas. Plaintiff anticipates deposing NBME's staff regarding accommodations requests, accommodation decision making, specifically regarding Plaintiff's requests for accommodations and NBME's policies and practices relating to requests for accommodations. Plaintiff further anticipates deposing consultants utilized by NBME with respect to requests for accommodations and specifically consultants who reviewed Plaintiff's request for accommodations. Plaintiff reserves the right to depose any witness who possesses information regarding NBME's defenses to this litigation, NBME' decisions with respect to Mr. Berger's requests for accommodations and NBME's policies and practices relating to its review of accommodations.

**Defendant**: NBME anticipates serving interrogatories, requests for admission, document requests, and third-party subpoenas. NBME anticipates deposing the Plaintiff regarding the facts and allegations in this action, as well as one or more of the professionals he has consulted about his alleged impairments; one or more of his family members; one or more individuals with knowledge of his performance in elementary school, middle school, high school, and/or college; and one or more individuals with knowledge of his performance in medical school. NBME reserves the right to depose other witnesses as discovery proceeds. The subject matter of NBME's discovery will include the nature of Plaintiff's alleged impairments and any functional limitations that he experiences because of the alleged impairments; other possible causes for any such functional limitations; Plaintiff's clinical evaluations, diagnoses, and treatment; Plaintiff's educational, social and employment histories; and Plaintiff's history of taking other standardized examinations. NBME anticipates taking discovery from Plaintiff's experts, if any.

B. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

X   Yes

(i) The parties have electronically stored information in the following formats:

**Plaintiff**: Plaintiff has electronically stored information consisting of e-mails and documentation supporting his request for accommodations.

**Defendant**: NBME has electronically stored information that is potentially relevant to this action, consisting primarily of e-mail, electronic records relating to Plaintiff's requests for accommodations on the USMLE, and electronic records consisting of Plaintiff's score reports for the USMLE Steps that he has taken.

(ii) The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties agree that electronically stored information does not need to be produced in native format, with metadata, or with load files. The parties may produce electronically stored information either in paper/hard copy format or in .pdf format.

C. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

X   Yes

(i) The case presents the following issues relating to claims of a privilege or of protection as trial preparation materials:

The parties do not anticipate any issues regarding claims of privilege or of protection as trial preparation materials at this time, and do not seek an order at this time under Federal Rule of Evidence 502.

(ii) Have the parties agreed on a procedure to assert such claims AFTER production?

X Yes, and the parties ask that the Court include the following agreement in the scheduling order:

The parties agree that any claim of inadvertent disclosure of privileged information will be made no later than thirty (30) days after the date of the disclosure, by way of written notice to opposing counsel. Upon receipt of such a notice, counsel shall either return the document(s) in question to the disclosing party (if the privilege claim is not contested), or refrain from using the document(s) for any purpose pending a ruling by the Court on the producing party's claim of privilege. It shall be the producing party's obligation to file a motion that seeks the Court's resolution of any contested privilege claim involving a produced document.

D. The parties recommend that discovery should be bifurcated between factual and expert discovery.

E. Disclosure and report of plaintiff expert(s) by: October 30, 2019

F. Disclosure and report of defendant expert(s) by: December 2, 2019

G. Discovery cutoff (fact): October 15, 2019

Discovery cutoff (expert): January 15, 2019

H. Anticipated discovery problems: None.

- 5 -

    **4.**       **LIMITATIONS ON DISCOVERY**

        A.       Changes in the limitations on discovery: None.

        B.       Protective Order:

The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

    **5.**       **OTHER COURT ORDERS UNDER RULE 26(C) OR RULES 16(B) AND (C)**

The plaintiff does not anticipate the need for the Court to set a deadline to allow for the amendment of the complaint to add parties, additional claims, or factual allegations to support the original claims.

Dated: May 9, 2019	Respectfully submitted,

/s/ August T. Janszen
August T. Janszen (0062394)
The Janszen Law Firm
4750 Ashwood Drive, Suite 201
Cincinnati, OH 45241
Phone: 513-326-9065
atjanszen@janszenlaw.com

Charles Weiner
Law Office of Charles Weiner
Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020
Phone: 267-685-6311
charles@charlesweinerlaw.com

Counsel for Plaintiff


/s/ Brandon M. White
Brandon M. White, Trial Attorney
(Ohio Bar No. 0075430)
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
Phone: 202-654-6206
BMWhite@perkinscoie.com

Robert A. Burgoyne
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, D.C. 20005-3960
Phone: 202-654-1744
RBurgoyne@perkinscoie.com

Counsel for Defendant

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed on May 9, 2019, on behalf of all parties, via the Court's CM/ECF System, which will send notification of such filing to counsel of record for all parties.

s/ Brandon M. White
Brandon M. White

Counsel for Defendant NBME
