IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDAN J. BERGER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:19-cv-00099-SJD |
| | : | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | : | Judge: Hon. Susan J. Dlott |
| | : | |
| | : | Magistrate Judge: Hon. Karen L. Litkovitz |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION TO FILE UNDER SEAL DOCUMENTS SUPPORTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and S.D. Ohio Civ.R. 5.2.1, Plaintiff, Brendan Berger, respectfully moves the Court to enter an Order Sealing certain Exhibits consisting of medical records, filed in support of Plaintiff's Motion for Preliminary Injunction. In further support, Mr. Berger states:

1. Mr. Berger initiated the above styled action against the National Board of Medical Examiners (NBME) for, among other causes of action, violation of the American with Disabilities Act (ADA), 42 U.S.C. §12101, et. seq. Mr. Berger is an individual with disabilities and has requested appropriate accommodations when taking the United States Medical Licensing Exam Step 2 Clinical Knowledge (USMLE Step 2 CK), which is prepared and scored by the NBME.

2. Mr. Berger shall be filing a Motion for Preliminary Injunction along with a Memorandum, Declaration and Exhibits supporting the Motion. It is anticipated that Defendant shall respond to the Motion for Preliminary Injunction and file Exhibits supporting its response.

3. The Exhibits contain highly personal, private and typically protected information concerning Plaintiff's psychological profile and history including reports, opinions and treatment from mental health professionals and school records. Such records which were previously held by covered entities are the type of records which are protected records under the Health Insurance Portability Accountability Act (HIPAA) and the Family Educational Rights and Privacy Act (FERPA).

4. Given the nature of the dispute, and the information contained in the Motion for Preliminary Injunction, the documents annexed thereto and any response from Defendant, Plaintiff respectfully requests, pursuant to Federal Rule of Civil Procedure 5.2(d) and S.D. Ohio Civ.R. 5.2.1 that the Court seal these documents.

5. Plaintiff's counsel and Defendant's counsel have entered into a stipulation agreeing to file the medical records under seal. A copy of the Stipulation is annexed hereto and incorporated as Exhibit 1.

WHEREFORE, Mr. Berger requests that his Motion be granted and that the Court issue an Order to Seal certain Exhibits supporting Plaintiff's Motion for Preliminary Injunction and Defendant's Response thereto.

**MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Plaintiff, Brendan Berger, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and S.D. Ohio Civ.R. 5.2.1, submits this Memorandum in Support of Plaintiff's Motion to Seal. Plaintiff seeks an Order Sealing all Exhibits filed in support of Plaintiff's Motion for Preliminary Injunction and Defendant's Response thereto.

Mr. Berger initiated the above styled action against the National Board of Medical Examiners (NBME) for, among other causes of action, violation of the American with Disabilities Act (ADA), 42 U.S.C. §12101, et. seq. Mr. Berger is an individual with disabilities and has requested appropriate accommodations when taking the United States Medical Licensing Exam Step 2 Clinical Knowledge (USMLE Step 2 CK), which is prepared and scored by the NBME. Mr. Berger shall be filing a Motion for Preliminary Injunction along with a Memorandum, Declaration and Exhibits supporting the Motion. It is anticipated that Defendant shall respond to the Motion for Preliminary Injunction and file Exhibits supporting its response. The Exhibits contain private and protected information concerning Plaintiff's psychological profile and history including reports, opinions and treatment from mental health professionals

As a general rule, the common law affords the general public a right of access to judicial documents and filings. See *Nixon v. Warner Communications, Inc*. 435 U.S. 58 9 (1978) However, the public right to access is not absolute and may be limited in situations where there is a countervailing interest that mandates against access. *Nixon*, 435 U.S. at 590. Under the Sixth Circuits standards, the burden of overcoming the presumption of openness is heavy. *Siefert v. Hamilton Cty. Bd. Of Comm'rs,* 2017 U.S. Dist. LEXIS 150629, *3 (S.D. Ohio) The Sixth Circuit requires the district court to balance the nature of the public's interest in the litigation's subject matter; whether the information sought to be sealed is required by statute to be

maintained in confidence; and privacy interests of third parties. *Thomas v. Nationwide Children's Hospital, Inc.*, 2018 U.S. Dist. LEXIS 50940 (S.D. Ohio).

The documentation sought to be sealed contains highly personal, private and typically protected information concerning Plaintiff's psychological profile and history including reports, opinions and treatment from mental health professionals and school records. Such records which were previously held by covered entities are the type of records which are protected records under the Health Insurance Portability Accountability Act (HIPAA) and the Family Educational Rights and Privacy Act (FERPA). Mr. Berger has nearly completed his medical degree. He is in the process of applying for residency programs and will ultimately embark on a professional career. For this information to be made available to the public, may subject him to stigma and further discrimination in residency and employment decisions.

Moreover, there are also references in the documentation to Plaintiff's family members', who are not part of this litigation. Courts have approved requests to seal document when the documentation is protected health information such as subject to HIPAA and other privacy laws. See, e.g. *Siefert v. Hamilton Cty. Bd. Of Comm'rs*, 2017 U.S. Dist. LEXIS 150629 (S.D. Ohio); *Thomas v. Nationwide Children's Hospital*, Inc., 2018 U.S. Dist. LEXIS 50940 (S.D. Ohio).

There is no competitive public interest present in this case. This case is a private matter, involving a private individual (Mr. Berger) and a private corporation (the NBME). This case does not involve the promotion of "public understanding of an immensely important historical occurrence that arguably would flow from the release of" the information in the document filed. *Nixon*, 435 U.S. at 602.

Mr. Berger requests that his Motion be granted and that the Court issue an Order to Seal the Exhibits supporting Plaintiff's Motion for Preliminary Injunction and Defendant's Response thereto.

Respectfully submitted

/s/ Charles Weiner
Charles Weiner, Esquire
LAW OFFICE OF CHARLES WEINER
Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020
Tel: (267) 685-6311
Fax: (215) 604-1507
charles@charlesweinerlaw.com

/s/ August T. Janszen
August T. Janszen (0062394)
THE JANSZEN LAW FIRM
4750 Ashwood Drive, Suite 201
Cincinnati, OH 45241
Tel: (513) 326-9065
Fax: (513) 326-9066
atjanszen@janszenlaw.com

*Attorneys for Plaintiff, Brendan Berger*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Courts using the Court's CM/ECF system which will send notification of such filing to the counsel of record on this 3rd day of July, 2019.

By: /s/ August T. Janszen