# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **BRENDAN BERGER,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:19cv00099<br>) |
| | ) Hon. Karen L. Litkovitz |
| **NATIONAL BOARD OF MEDICAL EXAMINERS,** | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION TO LIFT STAY AND
## VACATE THE COURT'S PRELIMINARY INJUNCTION ORDER

### PRELIMINARY STATEMENT

Plaintiff, Brendan Berger respectfully requests that this court deny Defendant's request to either lift the stay and/or vacate this Court's Preliminary Injunction Order entered on August 27, 2019. Defendant has filed its motion pursuant to Fed.R.Civ.P. 60(b). The entire basis of Defendant's argument to vacate the preliminary injunction is that Mr. Berger has not suffered irreparable harm because it has taken longer than originally anticipated for Mr. Berger to take the examination. Defendant's motion should be denied because (1) Defendant fails to establish the procedural defects or irregularities required for the extraordinary relief requested under Rule 60(b); and (2) several of the delays and changes to the exam dates that occurred, were due to Defendant and its affiliates. For the foregoing reasons this Court should conclude Defendant's motion be denied, that the injunction was appropriately issued and continues to be necessary.

**FACTUAL BACKGROUND**

This appeal is from a preliminary injunction entered on August 27, 2019. The preliminary injunction entered by this Court on August 27, 2019, enjoined NBME to provide Plaintiff certain accommodations on a medical licensing examination. The accommodations ordered included double (100%) extended time, extra break time, and a distraction limited testing environment. On September 17, 2019, Defendant filed its notice of appeal to the United States Court of Appeals for the Sixth Circuit. Plaintiff was most recently scheduled to take that exam, with the ordered accommodations, on March 21 and 23, 2020.[1]

Since the order granting the Preliminary Injunction, several delays and changes to the exam scheduling have occurred due in part to Defendant and/or its affiliates. Following this Court's August 27, 2019 order, NBME did not promptly respond with its approval of accommodations. Of note, the undersigned counsel needed to intervene to request that NBME provide confirmation of the ordered accommodations (See Declaration of Brendan Berger (Berger Decl) ¶¶ 2 -3 and Exhibit 1 – Charles Weiner's e-mail to Robert Burgoyne dated September 3, 2019). On September 4, 2019, NBME issued a letter confirming Mr. Berger's accommodations. (Berger Decl. ¶ 4 and Exhibit 2) As noted in NBME's letter, Mr. Berger's United States Medical Licensing Exam (USMLE) Step 2 Clinical Knowledge (CK) certification expired during the course of the litigation and he was instructed to contact NBME's affiliate ECFMG[2] to extend his eligibility. On September 4, 2019, Mr. Berger contacted ECFMG to extend his eligibility. Another delay occurred with respect to Mr. Berger's certification from

---

[1] Due to COVID-19, Plaintiff was advised on March 17, 2020 that his test appointment on March 21 and 23 were cancelled. No new date for the exam has been rescheduled. (Declaration of Brendan Berger ¶15)

[2] ECFMG is the Educational Commission for Foreign Medical Graduates.

ECFMG. During this delay Mr. Berger frequently contacted ECFMG regarding his eligibility. On September 19, 2019, the undersigned counsel intervened and wrote to ECFMG's General Counsel, Francine Halushka Katz regarding the delay. On September 27, 2019, Mr. Berger's permit was approved by ECFMG. (Berger Decl. ¶¶ 5-8, Exhibit 3)

On October 2, 2019, Mr. Berger contacted NBME's affiliate, Prometric to schedule the Step 2 CK. He was advised that the first available dates to take the Step 2 CK within 100 miles of Cincinnati was on November 18 and 19, 2019 in Florence, Kentucky, which he scheduled. (Berger Decl. ¶ 9.  ) On November 12, 2019, Mr. Berger contacted Prometric to make sure his testing dates and accommodations were properly listed. He was advised by the Prometric representative that Prometric's system reflected that only double extended time was listed as the accommodation and that there was no provision for 30 minute off-the-clock break time each day. Moreover, Mr. Berger was advised that the length of his appointments were 9 hours for the first day and 8 hours 45 minutes the second day, rather than 9 hours 30 minutes and 9 hours 15 minutes for the first and second days respectively as reflected in NBME's September 4, 2019 letter. (Berger Decl. ¶ 10) Mr. Berger was advised by Prometric's representative that his NBME confirmation letter was not sufficient and that NBME would need to make a change in their system. It was recommended that he reschedule his test date in order to make sure that Prometric's system properly reflect the approved accommodations. Accordingly, Mr. Berger rescheduled the Step 2 CK was for December 27 and 28, 2019 in Fairborn, Ohio. (Berger Decl. ¶ 11) Plaintiff's counsel wrote to NBME's counsel to express concerns about the delays and implementation of accommodations. (Berger Decl. ¶ 12, Exhibit 4)

Since Mr. Berger's exam dates were pushed to December 2019, it was evident that he would no longer be eligible to qualify for the residency match. He subsequently rescheduled his exam to January 27 and 29, 2020. On January 23, he rescheduled his exam to March 21 and 23, 2020 due to illness and issues relating to the pending appeal and briefing extensions respectively. (Berger Decl. ¶¶ 13-14) Throughout the time since the Preliminary injunction hearing, Mr. Berger has continued to arduously prepare for the USMLE Step 2 CK with the expectation of receiving accommodations and have taken practice tests utilizing 100% extended time on the exam. (Berger Decl. ¶ 16)

## STANDARD OF REVIEW

NBME'S Motion to vacate is based upon Fed.R.Civ.P. 60(b)5 and 60(b)(6). Rule 60(b)(5) and (6) provides:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

A Rule 60(b) motion is "generally not favored" and will be granted "only upon a showing of exceptional circumstances." *United States v. Bd. Of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001) "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider it judgment when the judgment rested on a procedurally

defective foundation or irregularity in the procurement of the judgment. *LM Ins. Corp. v. Szuhay,* 2017 U.S. Dist. LEXIS 76587 *5 (N.D. OH May 19, 2017)

      Furthermore, the movant under Rule 60(b)(5) bears the burden of establishing a significant change in circumstances and whether the proposed modification is suitably tailored to the changed circumstances. *Rufo v. Inmates of Suffolk Cnty. Jail,* 502 U.S. 367, 383 1992) A modification under Rule 60(b)(5) is an extraordinary remedy that should not be undertaken lightly. *See, East Brooks Books v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011) (referring to consent decrees).

      Similarly, Rule 60(b)(6) also entails a very high standard for which the movant has the burden of proof. Rule 60(b)(6) contains the catch all provision for relief not addressed in Rule 60(b)(1)-(5) from a final judgment "for any other reason justifying relief from the judgment" -- provides "extraordinary relief" which should be granted only in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *See also, Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund,* 249 F.3d 519 (6th Cir. 2001) Exceptional circumstances under Rule 60 (b) means "unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal,* 249 F.3d at 524 *citing, Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990).

      Inasmuch as this court is divested of jurisdiction as a result of Defendant's appeal, Defendant is seeking relief pursuant to Fed.R.Civ.P 62.1(a). Rule 62.1 authorizes a district court to consider a Rule 60(b) motion while the appeal is pending. Rule 62.1 provides district courts with several options when "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed.R.Civ.P. 62.1 Under

Rule 62.1(a), a district court may (1) defer consideration of the motion; (2) deny the motion; or (3) indicate either "that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed.R.Civ.P. 62.1(a).

## ARGUMENT

Defendant has failed to show that it is entitled to the extraordinary relief requested or that it has met its burden. Defendant fails to address any of the standards required to either vacate, modify or stay the preliminary injunction order under either Rule 60(b). Moreover, Defendant makes no argument that that applying the preliminary injunction order prospectively i.e. providing Mr. Berger accommodations on the Step 2 CK is no longer equitable. Rather, Defendant is merely attempting to relitigate the same issues, which is not a proper basis for granting a Rule 60(b) motion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) In fact, the equities, which strongly favored Mr. Berger set forth in this Court order still exist. As this court noted, "Without an accommodation for his reading disability, Mr. Berger risks failing the Step 2 CK test a third time, dismissal from medical school, and an inability to practice his chosen profession." Doc. 37 at 59 This court further wrote, "If Mr. Berger does not receive accommodations on the Step 2 CK exam for his reading disability, he will not be tested on his aptitude or knowledge of the subject matter but on how effectively he can overcome his reading disability." Doc. 37 at 60. These factors still exist and have not been altered by the changes to the exam dates. It would indeed be inequitable to vacate the preliminary injunction order as Mr. Berger has prepared for the Step 2 CK with the assumption of receiving accommodations including 100% extended time and plans on taking the exam as soon as the testing centers are reopened. (Berger Decl. ¶ 16)

The gravamen of Defendant's argument supporting its motion is that this Court granted the preliminary injunction finding that Mr. Berger would suffer irreparable harm because if he postponed the exam, he would not be considered for the 2020 National Residency Match Program. Doc 42 at 6, 10-11. Defendant's assertion fails to overcome its substantial burden required for a Rule 60(b) motion and fails to address the equities of maintaining the preliminary injunction. Moreover, the primary basis that this Court found that Plaintiff will suffer irreparable harm was that if Mr. Berger takes the USMLE Step 2 CK without accommodations, he will likely fail, be dismissed from school, foreclosed from taking the exam and be unable practice his chosen profession. Doc 37 at 56 The court further noted, "However, if Mr. Berger postpones the exam until after the final determination of this case, he will suffer irreparable harm by foregoing the time and effort he has already expended in preparing for the exam and by the delay in his ability to apply for a residency program and practice his chosen profession." Doc. 37 at 56-57.

While the 2020 National Residency Match was a factor considered by this court in finding irreparable harm, this court stated that it was considered to a lesser extent. This Court wrote, "An additional factor the Court considers, albeit to a lesser extent, is the effect of the delay in the resolution of this case on its merits on Mr. Berger's ability to apply for the 2020 National Residency Match Program." Doc. 37 at 58. Accordingly, Defendant's argument for vacating the preliminary injunction is misplaced. Defendant fails to note any procedurally defective foundation or irregularity in this Court's judgment. *See LM Ins. Corp. v. Szuhay,* 2017 U.S. Dist. LEXIS 76587 *5 (N.D. OH May 19, 2017)

Furthermore, Defendant presents no evidence or argument that it has been harmed by the changes in dates for Mr. Berger to take the exam or that it inequitable to provide test

accommodations prospectively. As best as one can tell, Defendant asserts that Mr. Berger obtained preliminary relief without the benefit of full discovery. Doc. 42 at 10-11. Defendant was not precluded in any way from taking depositions or pursuing discover. This matter was instituted on February 7, 2019 (Doc. 1) and served on February 13, 2019 (Doc. 6). The Preliminary Injunction hearing commenced on July 29, 2019. There was ample opportunity for defendant to conduct discovery, if it had chosen to do so. Moreover, Defendant subpoenaed records from Plaintiff's expert (Dr. Beach), which included ten years of records and e-mails (Hearing Transcript at Day 1-129, Day 2 – 4, 18, 88) Additionally, Defendant presented three witnesses at the hearing, two of which were its experts. During the hearing, Defendant cross-examined Mr. Berger and his expert for several hours. There is no indication that NBME's defense was limited or hampered due to the purported expedited nature of the preliminary injunction hearing.

Furthermore, as set forth above, the initial delays (i.e. the November and December 2019 testing dates) were due to NBME and its affiliates and not Mr. Berger. Mr. Berger was no longer going to be able to participate in the 2020 National Residency Match Program by December 2019 and has suffered damages due to the initial delays caused by NBME and its affiliates.

Finally, it is questionable whether Defendant has filed a timely motion for relief under Fed.R.Civ.P 62.1. By Defendant's own admission, it was aware on November 12, 2019 that Mr. Berger postponed the exam to late December. (Rachel Gillespie Decl. ¶ 8, Doc. 42-1) NBME was aware on December 20, 2019 that Mr. Berger rescheduled the exam to late January 2020. (Rachel Gillespie Decl. ¶ 9). NBME was also aware on January 23, 2020 that Mr. Berger rescheduled the exam to March 2020. Accordingly, NBME did not file its motion (April 6, 2020)

for more than forty days after knowing about the latest rescheduling, which occurred on January 23, 2020. Accordingly, there is a basis for this Court to conclude that Defendant's motion was not timely filed as required by Rule 62.1.

NBME has suffer no harm and has failed to meet it burden. Accordingly, vacating the preliminary injunction order is not warranted. Therefore, this Court should enter an order denying Defendant's indicative motion.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants indicative motion pursuant to Fed.R.Civ.P 62.1(a)(2).

Respectfully submitted

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Charles Weiner, Esquire | August T. Janszen (0062394) |
| LAW OFFICE OF CHARLES WEINER | THE JANSZEN LAW FIRM |
| Cambria Corporate Center | 4750 Ashwood Drive, Suite 201 |
| 501 Cambria Avenue | Cincinnati, OH 45241 |
| Bensalem, PA 19020 | Tel: (513) 326-9065 |
| Tel: (267) 685-6311 | Fax: (513) 326-9066 |
| Fax: (215) 604-1507 | atjanszen@janszenlaw.com |
| charles@charlesweinerlaw.com | |

*Attorneys for Plaintiff, Brendan Berger*

Date: March 27, 2020

- 10 -

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Opposition To Defendant's Motion To Lift Stay And Vacate The Court's Preliminary Injunction Order was electronically filed on March 27, 2020, via the Court's CM/ECF System, which will send notification of such filing to counsel.

                                          _____/s/_____
                                          Charles Weiner, Esquire